United States Courts
Southern District of Texas
FILED
September 22, 2026
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 24-cr-371-29** |
| | § | |
| **DESTYNEE WASHINGTON** | § | |

# CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

## COUNT ONE
**(Conspiracy, 18 U.S.C. § 371)**

### A. INTRODUCTION

1. In the Harris County criminal justice system, a defendant who is charged with a crime may be assigned a bail bond amount from a Judge. The defendant may either post this money directly to the court or may pay for the services of a bail bond company. In the case of the bail bond company, the defendant pays the bail bond company a premium, which is generally a percentage of the total bail bond amount set by the Judge of the court. The bail bond company in turn guarantees to the court that the amount set by the Judge will be paid if the defendant does not comply with the proceedings and rules of the court during the prosecution of the defendant.

2. Every bondsman, or individual who is the owner of the bail bonds company, is licensed in the State of Texas. Bondsmen can either obtain a license by showing the bail bond board that they have the assets required to guarantee the bail bond amount, or they are agents of an insurance company and are given authority to act on the insurance company's behalf.

3. The process of assessing risk for a bail bond often requires documentation of collateral, generally by documenting financial assets and liquidity, to include ownership of real estate and yearly income by third parties who agree to enter the contract between the defendant

and the bail bonds company as an additional indemnified party, thereby accepting the financial obligations of paying the full bail bond amount set by the Judge in the event of forfeiture. This additional indemnified party is commonly referred to as a "co-signer" and signs a promissory note, which is a financial debt instrument.

4. When a third party co-signer enters into the contract between the defendant and bail bonds company, a defendant is subsequently able to put down less money, a percentage of the total bail bond amount set by the Judge of the court, rather than the full amount of the bond.

**OVERVIEW OF THE FRAUDULENT SCHEME**

5. AABLE Bail Bonds was a bail bonding company in Harris County, Texas, and the CEO of AABLE Bail Bonds was SHEBA MUHARIB (53).

6. MUHARIB (53), doing business as AABLE Bail Bonds, was an agent of Financial Casualty & Surety (FCS). Financial Casualty & Surety maintains offices in 33 states and is engaged in interstate commerce.

7. Any review process or underwriting conducted by Financial Casualty & Surety would require the electronic transfer of documents obtained by AABLE Bail Bonds or its representatives. Documents related to each surety bond, which are a matter of court record, would also be submitted to the Government via electronic communication.

8. AABLE Bail Bonds had a fiduciary duty to Financial Casualty & Surety to maintain documents related to each surety bond.

9. Person A, Person B, and others operated as employees of AABLE Bail Bonds.

10. Defendants conspired with each other and with others, including at times Person A and Person B, to falsify and obtain falsified co-signer financial reports to qualify individuals, charged with criminal offenses, who would not otherwise qualify for the coverage necessary to meet the terms of their bond.

11. Defendants conspired with each other and with others, including at times Person A and Person B, to recruit straw co-signers who represented they worked at companies or earned incomes in the falsified co-signer financial reports when in fact they did not work at the companies or earn the represented incomes. It was reasonably foreseeable that the falsified co-signer financial reports would be transmitted in interstate commerce wire communications as an attempt to show coverage necessary to meet the terms of the bonds.

12. The falsified co-signer financial reports were subsequently emailed or submitted via electronic communication, including but not limited to Bond-Pro, Inc, an electronic communications service/remote computing service provider located in Dahlonega, Georgia.

13. These fraudulent financial reports were relied upon by the Government and/or the insurance agency/agent to enter into a three-party agreement known as a surety bond.

14. By entering into the surety bond rather than having to pay the full amount of the bond to the Court, the defendants incurred a financial gain.

15. Through their fraudulent representations, the defendants intended to deprive victims, such as the Government and insurance companies, such as Financial Casualty & Surety, of money and property. The fraudulent representations made by the defendants caused a risk of harm to the insurance companies, through a greater risk that the defendants would default on their surety bonds.

**B. THE CONSPIRACY**

16. Beginning in or about December 2021 and continuing through in or about January 2022, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**DESTYNEE WASHINGTON (29)**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree with others, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property

by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including emails, electronic payments, and other wire transmissions related to a scheme and artifice to defraud to obtain a bail bond for Derrick Washington, who was detained at the Harris County Jail, in violation of 18 U.S.C. § 1343 (wire fraud).

**C. MANNER AND MEANS OF THE CONSPIRACY**

17. From December 2021 to January 2022, Derrick Washington was charged in Harris County in multiple felony cases, including charges of possession with the intent/deliver/manufacture/distribute, possession of marijuana – 5 to 50 pounds, and aggravated assault with a deadly and was detained at the Harris County Jail on total of $950,000 in bonds. Derrick Washington conspired with co-conspirator Oscar Wattell, an employee at AABLE, the **Defendant Destynee Washington**, and others to falsify and/or obtain falsified co-signer reports and check stubs to qualify Derrick Washington, who would not have otherwise qualified for the coverage necessary to meet the terms of his bond, and secure his release from the Harris County Jail. The Defendant knew that co-signers would not qualify without the falsified check stubs and other falsified financial information. The Defendant also knew that by having co-signers submit falsified information, Derrick Washington would not have to pay $950,000 in bonds up front in cash.

**D. OVERT ACTS**

18. More specifically, in a jail call on December 15, 2021 between Derrick Washington and co-conspirator Dralanjala Johnson, the two discussed the need to use fake check stubs for the bond's co-signers in order to meet the financial threshold for Derrick Washington's bond.

19. Johnson subsequently received falsified check stubs from Wattell, and Johnson emailed the fake check stubs to the co-signers, including to the Defendant.

20. The Defendant received the falsified check stubs from Johnson and emailed them to AABLE. The check stubs included fake salary and employment information for the Defendant.

21. The Defendant's falsified co-signer report and check stubs were subsequently emailed or submitted via electronic communication on January 19, 2021, to Bond-Pro, Inc, an electronic communications service/remote computing service provider located in Dahlonega, Georgia.

**All in violation of Title 18, United States Code, Section 371.**

AARON F. REITZ
United States Attorney

By: *Michael Day*
Michael Day
Assistant United States Attorney
713-567-9000