UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CRIMINAL NO. 4:24-CR-00371-21 |
| VS. | § | (THE HON LEE H. ROSENTHAL) |
| | § | |
| | § | |
| CURTIS HOLLIDAY | § | |

**DEFENDANT CURTIS HOLLIDAY'S RESPONSE IN OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE AND MOTION TO STRIKE**

TO THE HON. LEE H. ROSENTHAL, UNITED STATES SENIOR DISTRICT JUDGE:

Defendant Curtis Holliday through his counsel Eric Reed files this Response in Opposition to Government's Notice of Intent to Use Evidence and Motion to Strike. Respectfully, the Court should: (1) Grant Defendant's Motion in Limine filed on September 12, 2025 (Dkt 1295); (2) Strike the Government's Notice of Intent to Use Evidence (Dkt 2704) because it has never responded to Defendant's Motion in Limine filed 14 months ago; and (3) Bar the government, its witnesses, and its exhibits from referring to the nature of the charge that produced Defendant's bond. In support, Defendant states as follows:

## I. Introduction

This is a wire fraud case. The Defendant is charged in the Third Superseding Indictment with one count (Count 6) of conspiracy to commit wire fraud, in violation

of 18 U.S.C. §§ 1349 and 1343. The Defendant is not on trial for murder. On November 4, 2026, the government filed a Notice of Intent to Use Evidence in which they seek to introduce evidence of the Defendant's state charges in Harris County, Texas, for murder and continuous assault of family. The Defendant was arrested and incarcerated as a result of the state charges, and his efforts to be released on bond are the subject of the instant case. While the Defendant was charged and arrested for these state charges at the time of the alleged instant federal offense, he had not been convicted until after the charged federal conduct. (He pled guilty to the murder charge on or about July 19, 2024, and the assault charges were dismissed on the same date.) Yet the government now wishes to tell the jury that Defendant was arrested for murder and assault, and it offers a single justification: The jury needs to know about the murder arrest to understand why the Defendant's bond was set at $400,000, the bond that lies at the center of the alleged scheme.

The government's Notice does not identify any permitted purpose under Rule 404(b)(2) and does not address Rule 403 beyond a single perfunctory and conclusory statement that introduction of such evidence would not be unfairly prejudicial. Further, the government's Notice does not acknowledge the Defendant's pending Motion in Limine relating to the same issue.

## II. <u>Defendant's Motion in Limine and Government's Waiver</u>

On September 12, 2025, the Defendant filed a Motion in Limine (Dkt 1295)

seeking to prohibit the government's introduction of evidence relating to Defendant's murder charge during the trial of this case. The government has not responded to Defendant's Motion in Limine and has thus waived its arguments to introduce such evidence at trial.

**III. <u>The Nature of the Charge is Not Relevant to Any Element of Wire Fraud</u>**

In addition to waiving its arguments against Defendant's Motion in Limine, the government fails to make a reasonable argument justifying the introduction of such extremely prejudicial evidence in a wire fraud case. The government's theory is that Defendant made false representations to obtain money or property connected with the bond. Every element of that theory can be proved without the word "murder."

The government makes the assertion that such evidence is necessary to explain the Defendant's high bond and the surety's alleged concern that the Defendant would flee the jurisdiction. It is not necessary. The fact of the relatively high bond ($400,000) set by a Harris County judge is not disputed and is itself sufficient on its face to explain the surety's degree of scrutiny of the bond. The government's claimed justification for introduction of the murder charge does not remotely outweigh the danger of unfair prejudice.

The government's stated reason simply does not hold up. To explain a large bond, the jury needs to know only that a bond existed and what it was. The reason

a state judge ordered such a bond amount is not an element of wire fraud and has insufficient probative value to outweigh its prejudice. It does not make any false statement more or less false, any victim more or less deceived, or Defendant's intent more or less likely. The word "murder" adds nothing to the government's proof except the one inference the Rules forbid: That the Defendant is a dangerous man who deserves to be convicted of *something*.

**A. The Existence and Amount of the Bond Are What Matter, Not the Reason it was Set or**

The jury can be told that Defendant was required to post a $400,000 bond in a separate matter. It can hear what Defendant or others allegedly said to the bond company and surety to obtain the bond and the wires he allegedly used. Why a state judge picked that number or why the bond company sought certain collateral has no bearing on whether Defendant's statements were false, whether they were material to the alleged victims, or whether he intended to deceive. Evidence that does not make a fact of consequence more or less probable is irrelevant and inadmissible. Fed. R. Evid. 401, 402.

**B. "Explaining" a Large Bond is Not a Legitimate Need**

The government's rationale assumes jurors will be puzzled by a large bond unless they learn its cause or the reasons for certain collateralization. That assumption does not justify the prejudice for introducing the murder charge to the jury. Jurors routinely decide cases involving facts whose background they are not

told. A neutral instruction such as "the amount of the bond was set by another court for reasons that are not before you, and you should not speculate about them," fully resolves any curiosity. A $400,000 bond creates the same financial pressure whether the underlying charge is murder, drug trafficking, or a probation violation. The charge itself adds no motive evidence.

Moreover, as a practical matter, the Defendant is currently in federal custody by virtue of a writ of habeas corpus *ad prosequendum*, and he is currently serving a 10-year sentence on the state murder conviction. He has served 27 months in federal custody. The extreme risk and cost of unfair prejudice and creating reversible error is not justified, and as a practical matter, is unnecessary overreach in a case where the Defendant has already served more time in federal custody than his likely sentence should he be convicted.

The jury will doubtlessly hear of the existence and amount of the bond, and government will very likely introduce evidence that such a bond is considered in the bail bond industry as a relatively high bond. The government will be able to introduce to the jury everything it legitimately needs without the outrageously prejudicial evidence of a murder charge.

**IV. <u>Rule 403 Prohibits Introduction of Such Evidence</u>**

Further, even if the arrest had some marginal relevance, Rule 403 would require its exclusion. Few words carry more prejudice to a jury than "murder."

Under FRE 403, there is no circumstance in which the Defendant's arrest is admissible. At the time of the alleged offense, the Defendant was charged with murder and not convicted. No limiting instruction could possibly mitigate the unfair prejudice.

The word "murder" is uniquely inflammatory and likely to provoke an emotional that no limiting instruction can cure. Jurors who hear it may conclude that Defendant is dangerous, that he belongs in custody, or that a fraud conviction is a way to keep him there. They may wonder whether their verdict affects public safety. Those are exactly the improper reasons which Rule 403 forbids.

Finally, the introduction of such evidence would confuse the issues and force the Defendant to essentially re-litigate the murder case and considerations by the State prosecutors and evidentiary issues which caused them to reach the plea agreement that was agreed to in the state case. Such a collateral dispute would cause confusion and consume trial time, diverting the jury's attention from the actual issue of whether the Defendant committed wire fraud.

## V. <u>The Evidence is Barred by Rule 404(b)</u>

Rule 404(b)(1) bars evidence of "any other crime, wrong, or act" offered to show that the defendant acted in accordance with a particular character. Since the 2020 amendment, the government's notice must "articulate . . . the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports

the purpose." Fed. R. Evid. 404(b)(3)(B). The government's Notice does neither. "Explaining the bond" is not among the purposes listed in Rule 404(b)(2): motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Notice does not explain how the nature of the charge, as opposed to the bond amount, proves any of them. A notice that fails to articulate a permitted purpose and its supporting reasoning does not comply with the Rule, and the evidence should be excluded on that basis alone. The nature of the charge behind the bond is relevant to nothing but character, and its prejudice overwhelms any probative value.

## VI. The Murder Charge Is Not "Intrinsic" or "Inextricably Intertwined" with the Fraud

Without addressing the prejudicial effect, the government attempts to recast the murder charge as "intrinsic" evidence to avoid Rule 404(b). In this Circuit, other-act evidence is intrinsic when it and the evidence of the charged crime are "inextricably intertwined," when both acts are part of a "single criminal episode," or when the other act was a "necessary preliminary" to the charged crime. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). Intrinsic evidence may be admitted to complete the story of the crime by proving the immediate context of events in time and place. *Id.*; *see United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

The murder charge fits none of these categories. It is not part of the same criminal episode as the wire fraud. It is a separate alleged act, under a different sovereign's law, that predates the scheme. Nor was the specific type of state charge a "necessary preliminary" to the fraud. What preceded the alleged scheme was the state court’s setting of the $400,000 bond, and Defendant does not ask to exclude the bond. The murder charge is not needed to complete the story. The story (Defendant needed to secure a $400,000 bond and allegedly lied to obtain the bond) is complete without it. Inflammatory details of the narrative are not needed, and such intrinsic evidence remains subject to Rule 403.

## VII. Conclusion

The Court has reasonable options to allow the introduction of relevant evidence without unfair prejudice, including allowing evidence that the Defendant was required by a Harris County judge to post a $400,000 bond in a state criminal matter without identifying the underlying offense, victim, or any of the facts of such offense. The Court should also order the government to instruct its witnesses not to mention the nature of the charge, and to redact any exhibits (bond paperwork, jail calls, etc.) that identify it.

The government did not oppose Defendant's motion in limine when it had the chance, and its belated Notice gives no valid reason to tell a wire fraud jury that

Defendant was arrested for murder. The Court should:

1. Grant Defendant's Motion in Limine as unopposed and on the merits;
2. Reject the government's Notice of Intent to Use Evidence; and
3. Preclude the government, its witnesses, and its exhibits from referring to the nature of the charge underlying Defendant's bond;

Respectfully submitted,

*/s/ Eric Reed*______________

Eric Reed
THE REED LAW FIRM, PLLC
State Bar No. 00789574
Federal I.D. No. 17904
300 Main St. Suite 300
Houston, TX 77002
(713) 600-1800
(713) 600-1840 (Fax)

ATTORNEY FOR DEFENDANT
CURTIS HOLLIDAY

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the above Motion to Strike and Response to Notice of Intent to Use Evidence using the Court's electronic filing system, and an electronic notification of the same was sent automatically to Stephanie Bauman and Michael Day, Assistant United States Attorneys, and to all other counsel of record.

*/s/ Eric Reed*_____________________

Eric Reed